**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| |
|---|
| Luis Angel Navarrete-Armendariz, |
| Petitioner, |
| v. |
| Merrick B. Garland, U.S. Attorney General, |
| Respondent. |

No. 21-1297

Agency No.    A207-211-172

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]
Phoenix, Arizona

Before: OWENS and BADE, Circuit Judges, and BAKER,[***] International Trade Judge.

Luis Angel Navarrete-Armendariz petitions for review of the Board of

Immigration Appeals' (Board's or BIA's) decision denying his motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

removal proceedings based on alleged ineffective assistance of his former counsel. Our jurisdiction is governed by 8 U.S.C. § 1252 and we review the Board's denial of a motion to reopen for abuse of discretion. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). We conclude that the Board properly exercised its discretion because Navarrete failed to raise ineffective assistance in his brief on direct appeal to the Board, and we therefore deny the petition.[1]

After the Immigration Judge issued a decision denying relief, Navarrete's current counsel simultaneously filed a notice of appearance and a notice of appeal with the Board. On the notice of appeal, counsel checked the "Yes" box next to the question asking whether Navarrete "intend[ed] to file a separate written brief or statement after filing" the notice of appeal. Counsel also stated, in part, the reasons for appeal:

> [Navarrete] was represented by separate counsel before the Florence EOIR. Prior [c]ounsel provided an incomplete copy of the file to new [c]ounsel and there are other concerns about the representation of former counsel. [Navarrete] reserves the right to raise an ineffective assistance of counsel claim if the record supports it.

The Board quoted this statement as the basis for denying Navarrete's motion to reopen because he did not raise ineffective assistance of counsel in his brief filed with the BIA and therefore waived the issue. The Board stated, "The logical

---

[1] Because this conclusion resolves the petition, we do not address Navarrete's alternative arguments that the Board erred by denying the motion to reopen.

2

conclusion to draw from these facts is that current counsel concluded during the process of appeal that the record did not support a claim for ineffective assistance."

The regulations governing immigration proceedings do not require a petitioner to file a brief on appeal to the Board. *See* 8 C.F.R. § 1003.38(f). "When a petitioner files no brief and relies entirely on the notice of appeal to make an immigration argument . . . then the notice of appeal serves in lieu of a brief, and he will be deemed to have exhausted all issues raised therein." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). But here, Navarrete filed a brief. "[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Id.*

Navarrete's statement in the notice of appeal that he "reserve[d] the right to raise an ineffective assistance of counsel claim" did not preclude the BIA from relying on the brief he filed to identify the issues on appeal, especially when the notice of appeal specifically stated that he "reserve[d] the right to raise additional issues in his brief." The Board reasonably construed the statement of issues on appeal as a statement of the matters Navarrete would raise in his brief and thus properly exercised its discretion in finding the ineffective assistance issue waived when it was not presented in his brief.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**